UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BRIAN LOPEZ,

          Plaintiff,

   v.

CITY OF SACRAMENTO, CHIEF ALBERT NAJERA, DETECTIVE BEEZLEY, DETECTIVE KOHLES, DETECTIVE HITCHCOCK, AND DOES T THROUGH X, INCLUSIVE,

          Defendant.

NO. CIV. S 04-2009 MCE PAN

ORDER

----oo0oo----

On March 22, 2005, Plaintiff Brian Lopez filed a motion for reconsideration of this court's March 18, 2005 order, which granted in part and denied in part the City of Sacramento ("City"), Chief Albert Najera (Chief "Najera"), Detective Beezley, Detective Kohles, Detective Hitchcock, and Does' T through X (collectively "Defendants") motion to dismiss.  Because the court did not commit clear error, Plaintiff's motion is

1

1 DENIED.[1]

2     Although not expressly provided for in the Federal Rules of
3 Civil Procedure, a court has the inherent authority to reconsider
4 its own orders.  A motion for reconsideration is appropriate if
5 the court (1) is presented with newly discovered evidence; (2)
6 committed clear error or the initial decision was manifestly
7 unjust or (3) decides that an intervening change in the
8 controlling law occurred.  <u>School Dist. No. 1J, Multnomah County</u>
9 <u>v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993); <u>Kern-Tulare</u>
10 <u>Water Dist. v. City of Bakersfield</u>, 634 F. Supp. 656, 665 (E.D.
11 Cal. 1986), <u>aff'd in part and rev'd in part on other grounds</u>, 828
12 F.2d 514 (9th Cir. 1987).  A ruling is "clearly erroneous" only
13 when "the reviewing court on the entire evidence is left with the
14 definite and firm conviction that a mistake has been committed."
15 <u>U.S. v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395(1948)).

16     Although Plaintiff claims that this court made a "grievous
17 error" in quoting the California Penal Code § 647(a) ("647(a)")
18 at footnote four (4) on page five (5) of its March 18, 2005
19 Order, no error was made.

20     While the court recognizes that Plaintiff's counsel is
21 passionate about this action, the present motion borders on being
22 frivolous.  It is abundantly clear from the court's order that
23 the only purpose in quoting 647(a) was to provide reference to
24 the statute under which Defendants arrested Plaintiff.  (Mar. 18,
25 2005 Order at 5:7-8).  The court did not use 647(a)'s language

---

[1] Because oral argument would not be of material assistance, the Court orders this matter submitted on the briefing.  E.D. Local Rule 78-230(h).

2

1 for any substantive purpose in its equal protection analysis.
2 Further, the court was fully aware of the California Supreme
3 Court's construction and validation of 647(a).  See Pryor v. L.A.
4 Mun. Ct., 599 P.2d 636, 647-648(Cal. 1979); (Def.'s Mot to
5 Dismiss at 4:2.)  Therefore, it should have been clear from a
6 plain reading of the order that the quoted language had no affect
7 on the court's equal protection analysis or the corresponding
8 conclusion.
9     In the future, motions that have no basis will be sanctioned
10 accordingly.

**CONCLUSION**

14     The court did not commit clear error by using only the text
15 of 647(a) in its March 18, 2005 Order when referencing the
16 statute under which Plaintiff was arrested. Plaintiff's motion
17 for reconsideration is therefore DENIED.

19     IT IS SO ORDERED.

21 DATED: April 20, 2005

                                    _____
                                    MORRISON C. ENGLAND, JR
                                    UNITED STATES DISTRICT JUDGE