UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRIAN LOPEZ,

        Plaintiff,

  v.

CITY OF SACRAMENTO, CHIEF ALBERT NAJERA, DETECTIVE BEEZLEY, DETECTIVE KOHLES, DETECTIVE HITCHCOCK, and DOES T THROUGH X, INCLUSIVE,

        Defendants.

2:04-CV-2009-MCE-PAN

MEMORANDUM AND ORDER

----oo0oo----

Through the present action, Plaintiff Brian Lopez ("Plaintiff") alleges that the City of Sacramento ("City"), Chief Albert Najera ("Najera"), Detective Beezley, Detective Kohles, Detective Hitchcock, and Does T through X (collectively "Defendants") violated his civil rights.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

Specifically, Plaintiff alleges the following claims: (1) 42 U.S.C. § 1983 (14th Amendment), (2) 42 U.S.C. § 1983 (1st Amendment), (3) 42 U.S.C. § 1983 (4th and 14th Amendments), (4) 42 U.S.C. § 1983 (Monell Claim), (5) 42 U.S.C. § 1985(2) (4th and 14th Amendments), (6) 42 U.S.C. § 1985(3) (4th and 14th Amendments), (7) 18 U.S.C. § 1961, et seq. (RICO), (8) California Civil Code § 52.1(b), (9) California Civil Code § 51, 51.5, 51.7, (10) Intentional Infliction of Emotional Distress, (11) False Arrest, (12) Negligence, (13) Negligent Retention, Hiring, and Training, and (14) Negligent Infliction of Emotional Distress.

On March 17, 2005, the Court dismissed all the foregoing claims except the third claim for unlawful seizure in violation of the Fourth and Fourteenth Amendments ("Unlawful Seizure") as well as the fourth claim for deliberate indifference to Plaintiff's right to be free from unreasonable seizure ("Deliberate Indifference"). *See* Mem. & Order, March 17, 2005. With respect to those two claims, Defendants are now seeking summary judgment. For the reasons set forth below, Defendants' Motion for Summary Judgment is granted.

**BACKGROUND**

A detailed factual background for this action has already been set forth in this Court's Order dated March 17, 2005, which is incorporated by reference and need not be reproduced herein. *See* Mem. & Order, March 17, 2005, 2:9-3:16.

///
///

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. *See* Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof."); *see also Allstate Ins. Co. v. Madan*, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); *France Stone Co., Inc. v. Charter Township of Monroe*, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. *See* Fed. R. Civ. P. 56(a), 56(c); *Mora v. ChemTronics*, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. at 323(quoting Rule 56(c)).

1   If the moving party meets its initial responsibility, the
2 burden then shifts to the opposing party to establish that a
3 genuine issue as to any material fact actually does exist.
4 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
5 585-87 (1986); *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S.
6 253, 288-89 (1968).

7   In attempting to establish the existence of this factual
8 dispute, the opposing party must tender evidence of specific
9 facts in the form of affidavits, and/or admissible discovery
10 material, in support of its contention that the dispute exists.
11 Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that
12 the fact in contention is material, i.e., a fact that might
13 affect the outcome of the suit under the governing law, and that
14 the dispute is genuine, i.e., the evidence is such that a
15 reasonable jury could return a verdict for the nonmoving party.
16 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251-52
17 (1986); *Owens v. Local No. 169, Assoc. of Western Pulp and Paper*
18 *Workers*, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way,
19 "before the evidence is left to the jury, there is a preliminary
20 question for the judge, not whether there is literally no
21 evidence, but whether there is any upon which a jury could
22 properly proceed to find a verdict for the party producing it,
23 upon whom the onus of proof is imposed."  *Anderson*, 477 U.S. at
24 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20
25 L.Ed. 867 (1872)).
26 ///
27 ///
28 ///

4

As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more that simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

**ANALYSIS**

**1.   Unlawful Seizure**

Plaintiff alleges that Defendants violated his right to be free from an unreasonable search and seizure.  Further, Plaintiff claims that Defendants unjustifiably deprived him of his liberty by unlawfully arresting him without probable cause.

///
///
///

5

In particular, Plaintiff is seeking to defeat summary judgment by arguing that one of the elements of the underlying offense of lewd and dissolute conduct was not met rendering Plaintiff's arrest unconstitutional. Specifically, California Penal Code section 647(a) has been construed to prohibit only the solicitation or commission of conduct in a public place or one open to the public or exposed to public view, which involves the touching of the genitals, buttocks, or female breast, for purposes of sexual arousal, gratification annoyance, or offense, by a person who knows or should know of the presence of persons who may be offended by the conduct. *See Pryor v. Mun. Ct. for L.A. Jud. Dist.,* 25 Cal. 3d 238, 244 (Cal. 1979).

Plaintiff argues that because the decoy officer exhibited qualities of a male homosexual looking to engage in sexual conduct with another male, this last element of the offense has not been met rendering his arrest unconstitutional. Plaintiff further explains that his belief the decoy would not be offended by the conduct was reasonable in light of the decoy officer's outward expressions of sexual interest.

In order for a plaintiff to allege a claim for unlawful arrest under the Fourth and Fourteenth Amendments, Plaintiff must allege (1) that there was a seizure of his person by an agent of the State and (2) that the seizure was unreasonable. *U.S. v. Bachner*, 706 F.2d 1121, 1125 (11th Cir. 1983) (*citing Katz v. U.S.*, 389 U.S. 347 (1967); *Elkins v. U.S.*, 364 U.S. 206 (1960)). A full-scale arrest is generally unreasonable if not supported by probable cause. *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995).

**a) Beezley, Hitchcock and Najera**

Defendants argue that no liability may attach pursuant to section 1983 absent a showing of personal participation in the alleged constitutional deprivation. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Accordingly, they contend, neither Hitchcock, Breezley nor Najera may be held liable in their individual capacities as none participated in Plaintiff's arrest.

In fact, Defendants are correct that liability under section 1983 arises only upon a showing of personal participation by each defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)).

Here, Plaintiff does not allege nor does the record support a finding that Hitchcock, Breezley or Najera personally participated in Plaintiff's arrest. *See* Undisp. Fact #2. Accordingly, summary adjudication of this claim as to them is proper and, hereby, granted.

**b) Chief Najara and City of Sacramento**

With respect to Najera, in his supervisory capacity, and the City, Defendants argue there is no city policy, custom or practice that caused Plaintiff's alleged constitutional injury warranting summary adjudication as to these Defendants.

///
///
///

While supervisory officials are not liable for the actions of subordinates on a theory of vicarious liability under section 1983, they may be liable under section 1983 if (1) the supervisor is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the constitutional violation. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001); see *also Mackinny v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir. 1995) (noting that liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation").

Again, Plaintiff does not allege nor does the record support a finding that Najera or the City implemented a policy so deficient that the policy itself is a repudiation of Plaintiff's constitutional rights. Even construing Plaintiff's claims in a light most favorable to him, his only conceivable argument of an unconstitutional policy is that the decoy officer's display of interest necessarily negated the last element of the offense eliminating the probable cause underlying his arrest. The Court is unpersuaded by Plaintiff's position.

The last element of the offense requires only actual or constructive knowledge of the presence of persons who may be offended by the conduct. Plaintiff's argument that the decoy officer could not have been offended by his conduct negating this element of the offense is too narrow. The element encompasses the presence of "*persons*" who may be offended.

It is undisputed that Plaintiff and the decoy officer were in a public nature area. *See* Undisp. Fact #6. Plaintiff further concedes that other people frequented the nature area. *Id.* These concessions alone are fatal to Plaintiff's argument. In light of his knowledge that the nature area is for public use and his knowledge that other people were present on the day of his arrest, probable cause for his arrest certainly existed. Consequently, summary adjudication of this claim as to these Defendants is granted.

**c) Officer Kohles**

With respect to Officer Kohles, Defendants argue the claims against him should be summarily adjudicated because no constitutional violation occurred during Plaintiff's arrest. As support for this argument, Defendants assert that Officer Kohles is protected by the doctrine of qualified immunity. The Court agrees.

The defense of qualified immunity shields an officer from trial when the officer "reasonably misapprehends the law governing the circumstances she confronted," even if the officer's conduct was constitutionally deficient. *Brosseau v. Haugen*, 543 U.S. 194 (2004)(per curiam)(citing *Saucier v. Katz*, 533 U.S. 194, 206 (2001).

Where, as here, some or all of the Defendants seek qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. *Id.* at 200.

In *Saucier*, the Supreme Court laid out the framework for determining an officer's entitlement to qualified immunity. The threshold inquiry requires a court to ask, "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.* at 201. The inquiry ends at this stage if no constitutional right is found to have been violated; the plaintiff cannot prevail. *Id.* If, on the other hand, the plaintiff's allegations do make out a constitutional injury, then the court must determine whether that constitutional right was clearly established at the time of the violation. *Id.* If the right was not clearly established, the qualified immunity doctrine shields the officer from further litigation. *Id.* Finally, even if the violated right was clearly established, the *Saucier* court recognized that it may be difficult for a police officer fully to appreciate how the legal constraints apply to the specific situation he or she faces. Under such a circumstance, "if the officer's mistake as to what the law requires is reasonable, ... the officer is entitled to the immunity defense." *Id.* at 205. As noted above, the threshold inquiry requires this Court to ask, taken in the light most favorable to Plaintiff, do the facts alleged show the Defendants' conduct violated a constitutional right?

    A warrantless arrest by a law enforcement officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)(citing *U.S. v. Watson*, 423 U.S. 411, 417-424 (1976).

10

1 Further, whether probable cause exists depends upon the
2 reasonable conclusion to be drawn from the facts known to the
3 arresting officer at the time of the arrest. *Devenpeck*, 543 U.S.
4 at 153. Consequently, if Plaintiff engaged in any activity that
5 appeared to violate California's Penal Code, probable cause
6 existed whether or not the officer's reasonable conclusion did
7 not result in a conviction.

8 Here, the uncontroverted facts establish that Plaintiff
9 touched the genitals of Officer Kohles in a public nature area.
10 Engaging in lewd or dissolute conduct in any public place or in
11 any place open to the public or exposed to public view is a
12 violation of Penal Code Section 647(a) and provided Officer
13 Kohles with probable cause to arrest Plaintiff. Accordingly,
14 Officer Kohles' Motion for Summary Adjudication as to Plaintiff's
15 claim of unlawful search and seizure in violation of the Fourth
16 Amendment of the United States Constitution is granted.

18 **2)   Monell Claim**

20 Plaintiff contends in his fourth cause of action that one or
21 more of the Defendants established, maintained, encouraged, and
22 ratified a custom, practice or policy that led to a violation of
23 his constitutional rights. Plaintiff's claim is known as a
24 *Monell* claim. *See Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S.
25 658, 690 (1978). A municipality will only be found liable under
26 section 1983 for a policy of inadequate training or supervision
27 in limited circumstances. *See City of Canton v. Harris*, 489 U.S.
28 378, 387 (1989).

1  Inadequacy of training "may serve as the basis for section 1983
2  liability only where the [municipal entity's] failure to train
3  amounts to deliberate indifference to the rights of persons with
4  whom the police come into contact."  *Id.*  Moreover, a plaintiff
5  alleging municipal liability under section 1983 must show there
6  is a direct causal link between a municipal policy or custom and
7  the alleged constitutional deprivation.  *Id.* at 385.

8      Again, the record is devoid of evidence that the officers in
9  this instance were not properly trained.  In fact, Plaintiff
10 concedes that Officer Kohles was specifically trained with
11 respect to the particular sting operation in which he ultimately
12 arrested Plaintiff.  *See* Undisp. Fact #10.  The Court has found
13 no constitutional violation with respect to Plaintiff's arrest
14 under the present set of facts.  Accordingly, Plaintiff cannot
15 show any causal link whatsoever between the municipal policy and
16 any constitutional deprivation.  Summary adjudication of
17 Plaintiff's claim of deliberate indifference in favor of
18 Defendants is warranted and, therefore, granted.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For the reasons set forth above, Defendants Motion for Summary Adjudication of Plaintiff's third and fourth claims is GRANTED.

IT IS SO ORDERED.

DATED: June 14, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE